1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

JOHNNY LEE NORTON,

                         Petitioner,

        vs.

GASTELO, Warden,

                       Respondent.

Civil No.   16cv0402-GPC (PCL)

**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION**

Petitioner, Johnny Lee Norton, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his sentence arising from his conviction in San Diego Superior Court Case No. SCD211717. (See Pet. at 1.)

## PETITION BARRED BY GATEKEEPER PROVISION

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his conviction in San Diego Superior Court Case No. SCD211717.   On October 29, 2012, Petitioner filed in this Court a Petition for a Writ of Habeas Corpus in Southern District of California Case No. 12cv2634-CAB (RBB).  In that petition, Petitioner challenged his conviction in San Diego Superior Court Case No. SCD211717 as well.  (See Petition [ECF No. 1] at 1, in Southern District of California Civil Case No. 12cv2634-CAB (RBB).) On July 7, 2015, this Court denied

1  the petition on the merits and denied a Certificate of Appealability.  (See Order filed July

2  7, 2015 [ECF No. 29] in Southern District of California Case No. 12cv2634-CAB

3  (RBB).)  Petitioner's appeal of that determination remains pending in the Ninth Circuit

4  Court of Appeals.  (See Copy of Appellate Court Order [ECF No. 32] in Southern

5  District of California Case No. 12cv2634-CAB (RBB).)

6        Petitioner is now seeking to challenge the sentence which was imposed as a result

7  of the conviction he challenged in his prior federal habeas petition, claiming that the

8  application of California's Three Strikes law violated his federal Constitutional rights.

9  (Pet. at 7-9.)  Unless a petitioner shows he or she has obtained an order from the

10  appropriate court of appeals authorizing the district court to consider a successive

11  petition, the petition may not be filed in the district court.  See 28 U.S.C.

12  § 2244(b)(3)(A).  Petitioner does not indicate that he has received permission from the

13  Ninth Circuit Court of Appeals to file a second or successive petition.  (Pet. at 5.)

14  Rather, he appears to contend that because his previous petition challenged only his

15  conviction and not his sentence, and he is now merely challenging his sentence, his

16  petition is not second or successive.  (Id.)  However, because Petitioner "could have

17  raised his claim in his first petition," the instant petition is second or successive.  Cooper

18  v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001).

19                              **CONCLUSION**

20        Because Petitioner has not obtained permission from the Ninth Circuit Court of

21  Appeals to file a successive petition, this Court cannot consider his Petition.

22  Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a

23  petition in this court if he obtains the necessary order from the Ninth Circuit Court of

24  / / / /

25  / / / /

26  / / / /

27  / / / /

28  / / / /

1   Appeals.  **The Clerk of Court is directed to send Petitioner a blank Ninth Circuit**

2   **Application for Leave to File Second or Successive Petition.**

3      **IT IS SO ORDERED.**

4

5   DATED:  February 23, 2016

6

7          HON. GONZALO P. CURIEL
       United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28